IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON M. TURKISH, )
)
            Plaintiff, ) Case# 2:12-cv-13099
)
    v. )
)
MICHIGAN BOARD OF LAW EXAMINERS, )
)
           Defendant. )
)
_____/

THE SAM BERNSTEIN LAW FIRM
Richard H. Bernstein (P58551)
31731 Northwestern Hwy Ste 333
Farmington Hills, MI 48334
Phone: (248) 737-8400
Email: rbernstein@sambernstein.com

*Attorneys for Plaintiff*
_____/

**PLAINTIFF'S VERIFIED COMPLAINT**

Plaintiff, JASON M. TURKISH, by and through his undersigned attorneys, hereby sues

Defendant, MICHIGAN BOARD OF LAW EXAMINERS, and states as follows:

**INTRODUCTION**

1.  Plaintiff brings this action to put an end to the Michigan Board of Law Examiners'

    failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. §

    12101 et. seq., ("ADA"), namely its denial of necessary hourly breaks, and

    imposition of a lunch break one-third shorter than the break afforded to able-bodied

    examinees.

2.   The Michigan Board of Law Examiners ("MBLE" or "Defendant"), is discriminating

    against Plaintiff, and others similarly situated, by denying blind and visually impaired

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

examinees equal access to the bar exam and the legal profession. The discriminatory acts and omissions include, but are not limited to, the following:

    a.  The MBLE has denied Plaintiff reasonable accommodations necessary to allow him to complete the exam on an equal footing with other examinees which it knows, or should know, discriminates against Plaintiff and other blind and visually impaired examinees.

    b.  Plaintiff has requested a 15 minute break every hour to rest his eyes from the painful and tiring strain brought about by nystagmus and optic nerve hypoplasia. This is an accommodation he was afforded for every written exam he has taken throughout law school, and the Multistate Professional Responsibility Exam (MPRE), offered by the National Conference of Bar Examiners.

    c.  As a trade-off for other accommodations requested, the MBLE, acting in total repugnance to the spirit of the ADA, has also inexplicably shortened Plaintiff's lunch breaks from 90 minutes, the standard time allotted for all examinees, to 60-65 minutes.

    d.  This shortened lunch break serves not only as a penalty for being disabled, but also defies all logic, as Plaintiff would ideally require an even longer lunch break than able-bodied examinees to rest his eyes, recover from the fatigue and pain brought about by his conditions, and navigate himself to an off-site eating area, due to his legal blindness.

3.  By denying equal access to the July 2012 Michigan Bar Exam for Plaintiff, the Defendant treats Plaintiff as a second-class citizen, unjustly disregarding his basic rights to equality and dignity, and causes embarrassment, humiliation, harassment, emotional distress and most importantly, unjustly and unreasonably limits his career

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

2

opportunities. Therefore, Plaintiff seeks a temporary restraining order/preliminary injunction and declaratory relief to redress Defendant's violation of his rights under federal law.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under federal statute, the Americans with Disabilities Act of 1990 as amended. In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. § 2201-02.

5. Venue is proper in the Eastern District of Michigan, Southern Division, because the MBLE is subject to this court's personal jurisdiction, and thus, as an entity with the capacity to sue and be sued in its common name under applicable law, is deemed to reside within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff, Jason M. Turkish, is a twenty-five-year-old resident of Huntington Woods, Michigan who is legally blind.

7. Jason Turkish has standing to bring the present cause of action.

   a. Plaintiff is physically disabled according to the definition provided by the ADA, as he is "substantially impaired in the major life activity of seeing."

   b. Plaintiff graduated from a law school accredited by the American Bar Association, and is now being denied equal access to the 2012 Michigan Bar Exam, jeopardizing his ability to pursue his chosen career in law.

   c. Plaintiff was unsuccessful in obtaining a needed 15 minute break once every hour to rest his eyes because of the MBLE's refusal to comply with the ADA.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

    d.  Plaintiff was also assigned a 60-65 minute lunch break every day, shorter than the 90 minute lunch break assigned to all other bar examinees, also in violation of the ADA.

    e.  Plaintiff is harmed by the discriminatory conduct of the Defendant in offering a discriminatory licensing exam, the passage of which is necessary for admittance to the state bar.

    f.  Plaintiff will not be able to pursue a career in law unless and until this Court enjoins the Defendant from offering Plaintiff and others similarly situated a discriminatory exam.

8. The MBLE is a private entity within the meaning and definition of the ADA, as it is a private organization charged with the authority to certify attorneys for admission to the Michigan Bar.

## FACTUAL ALLEGATIONS

9. Plaintiff, Jason M. Turkish, is a legally blind individual pursuing a career in law.

10. Plaintiff was born with optic nerve hypoplasia and nystagmus. Because of these conditions, he has been legally blind since birth, with vision acuity of 20/200 in both eyes.

11. Because of his conditions, Plaintiff also suffers from rapid, involuntary side-to-side movement of his eyes. This rapid movement causes Plaintiff debilitating eye strain, eye fatigue, and headaches. Plaintiff's only relief from this pain and fatigue is to close and rest his eyes.

12. Despite his disability, Plaintiff graduated *cum laude* from the Northwestern University School of Law ("Northwestern"), earning dean's list honors every semester in attendance. He was also a member of the school's moot court club competing in regional competition on behalf of Northwestern.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

13. For every written exam Plaintiff completed at Northwestern, he was granted 10 minute breaks every hour to rest his eyes. Plaintiff was also granted hourly breaks to rest his eyes during the MPRE, offered by the National Conference of Bar Examiners.

14. In preparing for the bar, Plaintiff trained by taking a break every hour to simulate test conditions. Because he was granted this accommodation by an ABA accredited law school and the National Conference of Bar Examiners, Plaintiff understandably expected this necessary accommodation for the Michigan Bar Exam.

15. Plaintiff timely requested his necessary accommodations for the Michigan Bar Exam. (**Exhibit A**, Request for Accommodations). Defendant granted Plaintiff's request for accommodations in part, providing such modifications as extra time and large print, but denied Plaintiff his necessary hourly breaks. (**Exhibit B**, Letter Denying Request for Breaks). Defendant also shortened Plaintiff's lunch breaks from the standard 90 minutes to 60 minutes, giving him a shorter lunch break than able-bodied examinees.

16. Defendant MBLE is the entity charged with certifying attorneys for admission to the Michigan Bar, and promulgates the standards and rules for admission to said Bar, among these rules, applicants to the State Bar are required to pass the Michigan Bar Exam.

17. The Michigan Bar Exam is a multi-day, standardized test consisting of 15 essay questions and 200 multiple choice questions.

18. A blind or visually impaired applicant requires larger font and extra time to read questions and write answers.

19. Plaintiff is legally blind, but that is only half of his disability. Plaintiff also suffers from nystagmus, which causes involuntary rapid eye movement, leading to severe strain, fatigue, and headaches.

20. In order to afford Plaintiff equal access to the bar exam, he needs short, off-the-clock breaks every hour to recover from these debilitating symptoms. The American Bar Association understands this, Northwestern University understands this, the National Conference of Bar Examiners understands this; Defendant does not.

21. Hourly breaks are routinely granted to examinees suffering from the same conditions as Plaintiff for the MPRE, State Bar Examinations, and even the MCAT and other licensing exams.

22. Despite repeated attempts, Plaintiff has been unable to successfully challenge Defendant's denial of a most necessary and reasonable accommodation, or the inexplicable implementation of a lunch break 33% *shorter* than the lunch break afforded to able-bodied examinees.

23. As a direct and proximate result of the Defendant's actions in denying his reasonable accommodations, Plaintiff will suffer agonizing pain, headaches, and fatigue during the bar exam, causing him loss of focus, substantial embarrassment, emotional distress, and mental anguish which will adversely impact his overall performance, jeopardizing his admittance to the state bar.

24. On information and belief, Plaintiff alleges that the Michigan Board of Law Examiners through their agents and employees have acted intentionally, willfully, in bad faith, and / or with reckless disregard and indifference for the federal legal rights of Plaintiff and others with disabilities, in committing the acts and omissions stated herein.

25. Defendant continues to discriminate against Plaintiff and others based on their disabilities, by denying Plaintiff equal access to the legal profession, free from the discriminatory requirement that he take the Michigan Bar Exam without the

THE

SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

6

necessary breaks he has been afforded without fail throughout law school, and with the added imposition of a shortened lunch break.

26. Plaintiff has no adequate remedy at law.  While Plaintiff reserves the right to seek monetary relief, Plaintiff is not expressly doing so through this complaint.  Plaintiff seeks equitable relief to rectify Defendant's ongoing acts and omissions, as stated herein.

27. In short, the Michigan Board of Law Examiners values trivial administrative convenience and saving a few hours of proctor compensation over the necessary and reasonable requests of a legally blind bar examinee in violation of the Americans with Disabilities Act.  The idea that a blind examinee suffering with nystagmus be forced to endure the bar exam without breaks to rest his eyes, and be punished for other accommodations with a shorter lunch than able-bodies examinees is absurd, tortious, and at variance with long-standing law.

## Count I

**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, SPECIFICALLY, 28 CFR 36.309 ET SEQ AND RELATED**

28. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 27, inclusive.

29. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities, that people with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self-sufficiency to individuals with disabilities, and that continuing discrimination impedes them from competing on an

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1869

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

equal basis and pursuing opportunities available to other citizens.  42 U.S.C.

§12101(a).

30. The express purpose of the ADA is to provide a clear and comprehensive national

mandate for eliminating discrimination against individuals with disabilities; to

provide clear, strong, consistent, enforceable standards addressing discrimination

against individuals with disabilities, and to ensure that the federal government plays a

central role in enforcing standards established in the Act on behalf of individuals with

disabilities 42 U.S.C. §12101(b).

31. The Plaintiff is a legally blind man who is a "qualified individual with a disability"

under the ADA.

32. The Michigan Board of Law Examiners is a "private entity" as defined by the ADA.

33. Through the acts and omissions alleged herein, Defendant has acted in disregard of

Plaintiff's disability, excluded plaintiff from the legal profession, and subjected him

to discrimination, in violation of the ADA.

34. Defendant's acts and omissions are in violation of the equal access and

nondiscrimination requirements set forth in Title III of the ADA, and the regulations

promulgated thereunder, and have resulted in injury to Plaintiff and others with

disabilities.

35. Defendant's acts and omissions constitute an ongoing and continuous violation of

Title III of the ADA.  Unless restrained and enjoined from doing so, Defendant will

continue to violate this statute and to inflict irreparable injuries for which Plaintiff has

no adequate remedy at law.

36. Title III of the Americans with Disabilities Act makes it illegal to discriminate

against a qualified person with a disability.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

37. Title III of the Americans with Disabilities Act states in pertinent part that "Any private entity that **offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional**, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities **or offer alternative accessible arrangements for such individuals**."   28 CFR 36.309(a) (emphasis added).

38. The implementing regulations for Title III of the ADA require that "The examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, **rather than reflecting the individual's impaired sensory, manual, or speaking skills** (except where those skills are the factors that the examination purports to measure)." 28 CFR 36.309(b)(1)(i) (emphasis added).

39. The implementing regulations for Title III of the ADA further require that "when considering requests for modifications, accommodations, or auxiliary aids or services, **the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations** . . .28 CFR 36.309(b)(1)(i) (emphasis added).

40. Defendant is a private entity that offers the Michigan Bar Exam, an exam related to applications, licensing, certification, and credentialing for secondary or postsecondary education, professional, or trade purposes.

41. Defendant's conduct in denying Plaintiff a necessary and reasonable accommodation for the July 2012 Michigan Bar Exam, as well as its inexplicable shortening of his

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

lunch breaks to a duration one-third shorter than those of able-bodied examinees, directly discriminates against Plaintiff, and other qualified individuals with disabilities, by denying him equal access to the exam, in blatant violation of Title III of the Americans with Disabilities Act.

42. The bar exam which the Defendant offers is a grueling, multi-day exam, consisting of 15 essay questions and 200 multiple choice questions.

43. Because the Plaintiff is legally blind, and suffers from involuntary rapid eye movement, he cannot competitively complete the examination under the conditions that are required of all test takers.  Specifically, by denying Plaintiff his necessary off-the-clock breaks every hour, as well as lunch breaks at least as long as the breaks afforded able-bodies examinees, the test does not effectively measure the Plaintiff's aptitude for the practice of law, which is the intent of the exam, but rather illegally reflects Plaintiff's impaired sensory skills in violation of 28 CFR 36.309(b)(1)(i).

44. Upon information and belief, the Michigan Board of Law Examiners is, or should be aware of, the discriminatory effects of its denial of reasonable accommodations to Plaintiff.

45. As the recognized entity for certifying attorneys for admission to the Michigan Bar, the Defendant's actions have caused, and will continue to cause, significant injury and irreparable harm to the Plaintiff, and others with disabilities.  Plaintiff's injuries include, but are not limited to, emotional distress, time lost from profession, time lost from social interaction, loss of earning capacity, loss of camaraderie, and pain and suffering.

46. As stated above, the Michigan Board of Law Examiners has failed to comply with the non-discrimination requirements of Title III of the Americans with Disabilities Act by denying Plaintiff equal access to the Bar Exam and is woefully in violation of their

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

obligations to provide accommodations and to refrain from discriminating against

persons with disabilities.

### Count II

**VIOLATION OF TITLE V OF THE AMERICANS WITH DISABILITIES ACT,
SPECIFICALLY, 42 U.S.C.A. § 12203(b)**

47. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 46,

inclusively.

48. The Plaintiff is a legally blind man who is a "qualified individual with a disability"

under the ADA.

49. Through the acts and omissions alleged herein, Defendant has acted to coerce,

intimidate, threaten or interfere with Plaintiff's exercise or enjoyment of rights

granted or protected by the ADA.

50. Title V of the Americans with Disabilities Act states in pertinent part that "It shall be

unlawful to coerce, intimidate, threaten, or interfere with any individual in the

exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or

on account of his or her having aided or encouraged any other individual in the

exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C.A.

§ 12203(b).

51. Plaintiff has requested reasonable accommodations for the July 2012 Michigan Bar

Exam and has been denied by Defendant, thus forcing his admission to the State Bar

to be based on his performance on a test that, given the conditions under which he

must complete it,  discriminates against the blind and visually impaired.

52. Quite simply, the Defendant, by denying Plaintiff a necessary and reasonable

accommodation, and imposing upon him a truncated lunch break, has made it

impossible for Plaintiff, and those similarly situated, to gain admission to the State

THE
**SAM BERNSTEIN**
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

Bar without being forced to take the Bar Exam under discriminatory conditions, in violation of Title III and Title V of the Americans with Disabilities Act.

53. Defendant's conduct in denying Plaintiff's request for a reasonable accommodation and imposing upon him lunch breaks one-third shorter in duration than those afforded to able-bodied examinees thus "interferes" with Plaintiff's rights under the Americans with Disabilities Act, including but not limited to, his right to pursue his chosen profession without being forced to take the bar exam under discriminatory conditions prior to his admission to the State Bar.

WHEREFORE, Plaintiff requests the relief set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

54. A declaration that the Michigan Board of Law Examiners' acts and omissions unlawfully violate Plaintiff's rights under Title III and Title V of the Americans with Disabilities Act of 1990.

55. A temporary restraining order and/or preliminary injunction enjoining the Michigan Board of Law Examiners from violating Plaintiff's rights under Title III of the Americans with Disabilities Act of 1990.

56. A further injunction requiring the Michigan Board of Law Examiners to provide individuals with disabilities with full and equal access to the Michigan Bar Exam, and restraining the Michigan Board of Law Examiners from discriminating against individuals with disabilities who wish to apply for admission to the State Bar.

57. A further injunction enjoining the administration of the Michigan Bar Exam until such time as the Michigan Board of Law Examiners complies with federal law.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

58. Although Plaintiff seeks no compensatory damages at this time, Plaintiff wishes to reserve the right to amend and request compensatory damages should it become necessary to encourage Defendant to comply with federal law.

59. Although Plaintiff seeks no actual attorney's fees or costs, Plaintiff wishes to reserve the right to amend and request attorney's fees and costs should it become necessary to encourage Defendant to comply with federal law.

60. All other relief that this Honorable Court deems just and proper.

Respectfully submitted,
THE SAM BERNSTEIN LAW FIRM

By _____
Richard H. Bernstein (P58551)
Attorney for Plaintiff Jason M. Turkish
31731 Northwestern Hwy Ste 333
Farmington Hills, MI  48334
(248) 737-8400
(248) 737-4392 (facsimile)
rbernstein@sambernstein.com

Dated: July 16, 2012

## VERIFICATION

Jason M. Turkish, under penalty of perjury of the laws of the United States, states: That he is the named Plaintiff in the above-styled Verified Complaint; that he has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that to the best of his knowledge, information, and belief the allegations thereof are true and correct.

Jason M. Turkish

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

Subscribed and sworn to before me this
_14_ Day of July, 2012

_____
Notary Public

RENAE JOHNSON
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Feb 27 2016
ACTING IN COUNTY OF _Oakland_

13

# Exhibit A
**Request for Accommodations**

Jason M. Turkish
441 E Erie St., Apt. 5902
Chicago, IL 60611

May 7, 2012
Board of Law Examiners
P.O. Box 3052
Lansing, MI 48909

Re:     Jason M. Turkish
        Request for Accommodations on July 2012 Michigan Bar Exam

Dear Sir or Madam,

Enclosed please find an original and two copies of the following documents:

- Special Accommodations Questionnaire and Affidavit
- Law School Certificate of Prior Test Accommodation
- Medical Verification of Disabling Condition

Thank you for your time and attention to this request.  If you have any questions or concerns, please do not hesitate to contact me at 248-259-3781.

Respectfully submitted,

Jason M. Turkish
Enclosures

# SPECIAL ACCOMMODATIONS QUESTIONNAIRE AND AFFIDAVIT

| | Turkish | Jason | Marc |
|---|---|---|---|
| Name: | (Last) | (First) | (Middle) |

441 E Erie St., Apt. 5902

Current Address: (Street and Number)

| Chicago | IL | 60611 |
|---|---|---|
| (City) | (State) | (Zip Code) |

(248) 259-3781        (248) 259-3781

Home Telephone: (Area Code & Number)    Work Telephone: (Area Code & Number)

**I.  DISABILITY STATUS:  See the attached Directions and Guidelines Concerning Disabilities.  (Check all that apply.)**

A.   Are you: [] deaf? [] hard of hearing? [X] blind? [X] visually impaired?

B.   Do you have a:

   [] physical disability?

   Please explain: _____

   [] specific learning disability?

   Please explain: _____

   [] psychological disability?

   Please explain: _____

C.   How long have you had your disability?

[X] Most of my life   [] 1 year [] 2 years [] 3 years [] 4 years [] 5 years+

**II.  PAST ACCOMMODATIONS MADE FOR YOUR DISABILITY:  See the attached Directions and Guidelines Concerning Disabilities.**

A.   In high school:
     Were you in a special school or program?                    [X] Yes [] No
     Did you get special accommodations for classroom tests?     [X] Yes [] No
     Did you generally get extra time for classroom tests?       [X] Yes [] No
B.   Did you have special accommodations for taking the SAT
     or ACT examinations for admission to college?               [X] Yes [] No

C.   In college:

Did you use disabled student services?                          [X] Yes [] No
Did you generally get extra time for exams?                     [X] Yes [] No

D.   Did you have special accommodations for the LSAT?          [X] Yes [] No
If yes, what accommodations?  (Check all that apply)

Formats: [] Braille    [] Tape    [X] Large type   [X] Extra time   [X] Other
                private room, testing over two days, circle answers in booklet
Please explain: computer for writing section, use of magnification

E.   In law school:

Did you use disabled student services?                          [X] Yes [] No
Did you generally get extra time for exams?                     [X] Yes [] No

*****************************************************************
PLEASE INCLUDE DOCUMENTATION OF SPECIAL SERVICES AND TESTING ACCOMMODATIONS
YOU RECEIVED IN LAW SCHOOL BECAUSE OF YOUR DISABILITY.
*****************************************************************

III. Accommodations request for the bar examination: See the attached
Directions and Guidelines Concerning Disabilities.  (Check all that apply.)

Formats:  [] Braille    [] Tape    [X] Large type    [X] Extra testing time

How much testing time?   [] Time and a half      [] Double time
                         [X] More than double time   [] Other

Please Explain _____

Below please describe your specific disability, when and how it was first
identified, and the accommodations you are requesting because of it: _____
I was born with optic nerve hypoplasia and nystagmus resulting in legal
blindness.  It was identified by pediatrician shortly after birth.  Requesting
the following accommodations: Large Print 20-24 pt. font, triple time, private
room with large table, 15 minute break after each hour, one hour break after 4
hours of testing, testing over multiple days - no day exceeding 6 hours, no
scantron/ circle answers in booklet, reader to be provided for optional use
during longer passages, permission to use CCTV / magnifier, use of computer
word processor with spell check and large print for essays.
To the answers contained in this affidavit are to be considered as
continuing to be true from the date of this affidavit until the date of my
admission to the State Bar of Michigan, and if any answer or portion of an
answer ceases to be true, I acknowledge that I have a continuing obligation
to inform and I will immediately inform the Board of Law Examiners.

**ATTENTION**
**Affidavit MUST Be Executed Properly Before A Notary.**
**The Date of the Applicant's Signature AND The Date Of**
**The Notary Execution MUST Be The Same!**

_5/7/12_
DATE

SIGNATURE

Signed and sworn to before me in _Oakland_ County, Michigan on

_May_                    _7th_     ,    _2012_
Month                    Day            Year

THOMAS DILLON
NOTARY PUBLIC – MICHIGAN
OAKLAND COUNTY
ACTING IN THE COUNTY OF _Oakland_
MY COMMISSION EXPIRES 01-16-2015

-3-

## Law School Certification of
## Prior Test Accommodations

To be completed by a law school official responsible for student disability services.  Please type or print.

Applicant Name: <u>JASON TURKISH</u>

1.   I, <u>TIM MONTGOMERY</u>, hold the position of <u>ASST. DIR. OF SERVICE FOR ST. W/DIS.</u>
         Name                                                                Title

2.   I certify that <u>NORTHWESTERN UNIV.</u> has officially
                                    Name of Institution
     approved and provided the following test accommodations for the above
     applicant beginning on <u>11/2011</u>
                                          Date (Month/Year)

Accommodation(s) provided: <u>EXTENDED TIME FOR EXAMS (2.0X); LARGE PRINT MATERIALS (20 FONT); SEPARATE TESTING AREA; COMPUTE W/LARGE SCREEN; NO SCANTRON FORMS; 10 MIN BREAK FOR EACH HOUR OF TESTING</u>
Reason for provision of accommodation(s): <u>VISUAL IMPAIRMENT</u>

Signature <u>Tim Montgomery</u>                              Date <u>4/16/2010</u>

<u>(312) 503-4042</u>
Telephone Number

**LOW VISION ASSOCIATES, PC**
31350 TELEGRAPH ROAD, SUITE 102
BINGHAM FARMS, MICHIGAN 48025
PHONE: 248.593.3670    FAX: 248.5934705

SUSAN R GORMEZANO OD FAAO
DIPLOMATE – LOW VISION SECTION

June 14, 2011

Distribution: Bar Examination
Accommodations specialist

Re: Jason M Turkish     DOB: 5/25/1987     ID: 
Most recent date of service: 3/15/11
Special Needs Accommodations for Testing

Dx: Optic nerve hypoplasia (377.15), nystagmus (379.51), OD severe, OS severe vision impairment (369.22 – legal blindness); Best Corrected vision acuity OD 20/200 OS 20/200 (Near: 20 point font at 16 inches); Prognosis: Stable, Status: permanent.

Functional difficulties: Fatigue with extensive reading and near work; he's managed well in college with the following reasonable accommodations that should be allowed for upcoming standardized testing so that he can fairly compete with fully sighted peers.

1. Large print examination printed materials in the 24 point font range
2. Extended time to triple time to complete the exam
3. A private testing room with a large table
4. A 15 minute break after each hour of testing and a 1 hour break after 4 hours of testing
5. Examination over multiple days with no single day exceeding 6 hours of testing
6. Alternative to Scantron type answer sheets; permission to circle answers in the test booklet
7. Reader service to be available for longer narrative sections of the exam
8. Permission to use his closed circuit monitor magnification system
9. Permission to type answers on a computer equipped with a work processor and spell check (handwriting is to laborious w/ legibility issues)

The added level of accommodations for the bar exam stems from the length of the exam and the corresponding fatigue produced. Triple time is necessary because longer passages must be committed to memory before

**Page 2          From: Susan R Gormezano OD Re: Jason Turkish**

answering the questions, as Jason is not able to scan back through the text to localize and pinpoint specific sections like most persons taking the exam.

Provision of suggested accommodations would be in compliance with the Americans with Disabilities Act, specifically related to the legally blind.

*S. Gormezano*          6-14-11

Susan R Gormezano OD FAAO
Certified Low Vision Specialist

# **Exhibit B**

**Letter Denying Request for Breaks**



**Michigan Supreme Court**
## BOARD OF LAW EXAMINERS
Michigan Hall of Justice
P.O. Box 30052
Lansing, MI 48909

*Phone:* (517) 373-4453
*Fax:* (517) 373-5038
*E-mail:* ble-info@courts.mi.gov

July 3, 2012

Mr. Jason M. Turkish
13367 Winchester Avenue
Huntington Woods, MI 48070                    **Seat No:   01118**

        RE: July 2012 Michigan Bar Examination--**SPECIAL ARRANGEMENTS**

Mr. Turkish:

        Enclosed you will find your admission certificate for the July
2012 Michigan bar examination. **Your assigned room is the Prep
Kitchen, Mezzanine Level, at the Breslin Center on the campus of
Michigan State University in East Lansing.** You are scheduled to
sit for the bar examination Monday through Friday, July 23-27,
2012. The following is a schedule of the hours you will be
sitting. We expect you to adhere to this schedule as we have other
special arrangement individuals with varying schedules. **On Monday
and Tuesday mornings, please be in your assigned room by 8:40 a.m.**

Monday:          8:55 a.m. - 11:35 a.m.   Essay Questions 1-4
                11:35 a.m. - 12:35 p.m.   Lunch Break
                12:45 p.m. -  3:25 p.m.   Essay Questions 5-8

Tuesday:         8:55 a.m. - 11:35 a.m.   Essay Questions 9-12
                11:35 a.m. - 12:35 p.m.   Lunch Break
                12:45 p.m. -  2:45 p.m.   Essay Questions 13-15

**On Wednesday, Thursday and Friday mornings, please be in your
assigned room by 8:40 a.m.**

Wednesday:       9:00 a.m. - 11:00 a.m.   MBE Questions 1-33
                11:00 a.m. - 12:05 p.m.   Lunch Break
                12:15 p.m. -  2:15 p.m.   MBE Questions 34-66

| Thursday: | 9:00 a.m. - 11:00 a.m. | MBE Questions 67-100 |
| | 11:00 a.m. - 12:05 p.m. | Lunch Break |
| | 12:15 p.m. - 2:15 p.m. | MBE Questions 101-133 |
| Friday: | 9:00 a.m. - 11:00 a.m. | MBE Questions 134-166 |
| | 11:00 a.m. - 12:05 p.m. | Lunch Break |
| | 12:15 p.m. - 2:15 p.m. | MBE Questions 167-200 |

Following up on your June 29, 2012 correspondence, the time allotted to complete the exam was meant to encompass any off-the-clock breaks. As you note, the lunch break will moot the request for an hour break after four hours of testing. Additionally, none of your sessions will last four hours. With respect to a fifteen-minute break after one hour of testing, your MBE sessions will each be two hours long, with one two-hour session in the morning and one two-hour session in the afternoon. The Board is of the view that that accommodation is reasonable and does not give you an undue advantage.

If you have any questions with regard to this schedule, please contact me on or before Friday, July 13, 2012. **On the day of the exam, please be prompt so that we may be able to get all the special arrangements individuals started on time. Thank you very much.**

Very truly yours,

Sonia L. Allen

Sonia L. Allen, BLE Program Coordinator
State Board of Law Examiners

Enclosures